IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| GAI KUOT, | ) |
| | ) |
| PLAINTIFF, | ) No. 1:14-cv-00083 |
| | ) Judge Haynes/Brown |
| v. | ) |
| | ) |
| CAPT. JASON WHITHEAD, *et al.*, | ) |
| | ) |
| DEFENDANTS. | ) |

To: The Honorable Senior Judge William J. Haynes, Jr., United States District Judge

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Plaintiff's three Motions for Preliminary Injunction be **DENIED.** (Docket Entry 79, 81 and 83).

### I. Background and Procedural History

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint alleging civil rights violations that occurred at South Central Correctional Facility (SCCF) where he is incarcerated. (Docket Entry 1). Plaintiff claims that prison officials ignored his requests to be deemed "incompatible" with another inmate, inmate Ayuel, that he was "seriously hurt[]" when inmate Ayuel assaulted him in his cell, and that prison officials were deliberately indifferent to his need for medical treatment after the alleged assault. (Docket Entry 1, pp. 3-6).

In his Complaint, Plaintiff writes "I wrote another letter said the same things on June 27, 2013 ten 10 days prior after my second letter to internal affairs I was assaulted in my own cell . . . ." (Docket Entry 1, p. 5). It is unclear whether Plaintiff wrote a letter on June 27, 2013 and was assaulted ten days later or whether Plaintiff was assaulted on June 27, 2013. The Magistrate Judge reviews this point to ensure the timeliness of the Complaint, which was filed on June 30,

2014. (Docket Entry 1). Generally, 42 U.S.C. § 1983 actions arising in Tennessee have a one year statute of limitations. *Griffin v. Eidson,* 22 F. App'x 393, 395 (6th Cir. 2001)(citation omitted)(unpublished opinion). Therefore, if Plaintiff's claim arose on June 27, 2013, his Complaint would be untimely since it was filed on June 30, 2014.[1] However, under the prison "mailbox rule," even if the alleged assault occurred on June 27, 2013, the Complaint would still be timely, if barely, because it was postmarked for delivery to the district court on June 27, 2014. *See Houston v. Lack,* 487 U.S. 266, 270 (1988); *Towns v. United States,* 190 F.3d 468, 469 (6th Cir. 1999). (Docket Entry 1-1).

The District Judge referred this action to the Magistrate Judge on October 28, 2014. (Docket Entry 40). As to the Motions for Preliminary Injunction, Defendants have filed Responses in Opposition. (Docket Entry 80, 82 and 84). Plaintiff has filed a Reply without leave of the Court. (Docket Entry 85). The matter is now properly before the Court.

## II.     Standard of Review

The Court must balance the following factors when deciding whether to grant a motion for preliminary injunctive relief:

1) Whether the moving party has a strong likelihood of success on the merits;

2) Whether the moving party will suffer irreparable injury without the injunction;

3) Whether the issuance of the injunction would cause substantial harm to others; and

4) Whether the public interest would be served by issuance of the injunction.

FED. R. CIV. P. 65; *United States v. Contents of Accounts,* 629 F.3d 601, 606 (6th Cir. 2011)(citation omitted). "These four considerations are 'factors to be balanced, not prerequisites

---

[1] June 27, 2014 was a Friday. *See* http://www.timeanddate.com/calendar/?year=2014&country=1 (last visited June 15, 2015). Therefore, it was not a weekend or legal holiday that would continue the applicable time period under FED. R. CIV. P. 6.

that must be met.' " *United States,* 629 F.3d at 606 (citation omitted). Injunctive relief is considered an "extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002)(citation omitted). Finally, when a plaintiff is *pro se*, the Court will review the plaintiff's pleadings under "less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III. Analysis

In Plaintiff's first Motion, Plaintiff seeks a preliminary injunction "because in th[is] case the prison officials violated my constitutional rights to be freed from the attackers when they has been put on notice of the problem." (Docket Entry 79, p. 1). He claims that he was "stabbed on the back of [his] head," that his injuries "cannot be fixed," and that he is "handicap[ped] phy[s]ically and emotionally and mentally." (Docket Entry 79, p. 1).

In Plaintiff's second Motion, he again claims that Defendants violated his rights to be free from his attackers. (Docket Entry 81, p. 1). He also claims that he "has a[n] irreparable harm" and that he "was seriously injured." (Docket Entry 81, p. 1). Plaintiff cites a Ninth Circuit case that affirmed a preliminary injunction enjoining a prison policy that punished inmates for missing work assignments when attending religious services. *Mayweathers v. Newland,* 258 F.3d 930, 938 (9th Cir. 2001).

In Plaintiff's third Motion, he claims that Defendants "can be held accountable for their negligence and reckless action or misconduct." (Docket Entry 83, p. 2). He argues that he expects "more threats in the future and even more serious harm from the same gang members . . . and most of all prison officials retaliation of being sued for their own faults." (Docket Entry 83,

p. 2). Finally, he claims that nothing has changed since he was allegedly assaulted and that inmates roam around the facility "causing trouble and chaos." (Docket Entry 83, p. 2).

Defendants argue that "Plaintiff offers no additional facts outside of those already alleged in his Complaint for why he is entitled to such relief . . . [and] offers no evidence that he is in present danger or that anyone made threats against him outside of those alleged in his Complaint." (Docket Entry 84, p. 1).

Here, the Magistrate Judge infers that Plaintiff seeks relief pursuant to the Eighth Amendment in his Complaint. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)("[D]eliberate indifference to serious medical needs of prisoners [is] . . . proscribed by the Eighth Amendment."). However, it is not clear what relief Plaintiff is seeking in his Motions for Preliminary Injunction.

Even liberally construing Plaintiff's Motions to infer that Plaintiff seeks an injunction so as to avoid contact with his former assailant, gang members, or prison officials, the Magistrate Judge finds that Plaintiff fails to meet his burden. Most fatal to Plaintiff's Motions is his silence as to whether an injunction would cause substantial harm to others or would serve any public interest. Right out of the gate, Plaintiff has failed to plead half of the Rule 65 factors. Plaintiff cites *Mayweathers v. Newland*, in which the Court was able to discuss all of the Rule 65 factors. *Mayweathers*, 258 F.3d at 938. Here, even though the Rule 65 factors are to be balanced and are not considered prerequisites, the Magistrate Judge cannot weigh a factor one way or the other if Plaintiff does not mention it.

Moreover, the Magistrate Judge is unable to conclude that Plaintiff has discussed or demonstrated any likelihood of success on the merits of the underlying claims. Finally, although Plaintiff claims that he has suffered an irreparable injury, he offers no facts or details to

substantiate that he *will* suffer an irreparable injury without injunctive relief. He claims, generally, that he anticipates more threats in the future. However, without any pleading on the substantial harm or public interest factors and no demonstrated likelihood of success on the merits, there is not enough to tip the scales in favor of Plaintiff given only a *possible* irreparable injury in the future. Therefore, the Magistrate Judge finds that Plaintiff has not met his burden to show that the Court should issue a preliminary injunction.

Finally, the Magistrate Judge notes that certified mail reached Plaintiff on June 10, 2015. (Docket Entry 91). However, the record shows that certified and regular mail was returned as undeliverable on June 15, 2015. (Docket Entry 92 and 93). Plaintiff is reminded of his burden to inform the Court of any changes in his mailing address to the extent that there are any changes.

## IV. Recommendation

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that Plaintiff's three Motions for Preliminary Injunction be **DENIED.** (Docket Entry 79, 81 and 83).

Under FED. R. CIV. P. 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 17th day of July, 2015

/s/Joe. B. Brown_____
Joe B. Brown
United States Magistrate Judge