UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| GAI KUOT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 1:14-cv-00083 |
| | )    District Judge Haynes |
| | )    Magistrate Judge Brown |
| CAPT. JASON WHITHEAD, ET AL., | ) |
| | ) |
|     Defendants. | ) |

**To: The Honorable William J. Haynes, Jr., Senior United States District Judge.**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that: 1) Defendants' motion for summary judgment (Doc. 119) be **GRANTED**; 2) this action be **DISMISSED** without prejudice for failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a); 3) acceptance and adoption of this Report and Recommendation (R&R) constitute the **FINAL JUDGMENT** in this action; 4) any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and 5) all other pending motions (Docs. 140, 146, 150, 152, 154, 156, 158, 160, 161, 164, 165, 166, 174, 176, 177, 181, 184, 185, 188) be **TERMINATED AS MOOT**.[1]

## I. INTRODUCTION
## AND
## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983 on June 30, 2014 while he was incarcerated in the South Central Correctional Facility (SCCF)

---

[1] The Magistrate Judge has considered the pending motions and to the extent that they are trying to expand Plaintiff's arguments, they are unavailing.

1

in Clifton, Tennessee. (Doc. 1) Plaintiff alleges that Defendants Captain Jason Whitehead and six others, who were employed at SCCF at the time of the alleged incidents failed to act and protect him from an attack by a fellow inmate on July 7, 2013. (Doc. 1, p. 5)

More specifically, Plaintiff alleges that Defendants negligently disregarded his first grievance in which he requested to be moved away from the attacker prior to the assault. (Doc. 1, p. 3, 6) Plaintiff filed the first grievance on July 7, 2013. (Doc. 122, ¶ 10) This grievance did not list any of the current Defendants and stated that Plaintiff and the other inmate should "be placed somewhere not close to one another because [they are] incompatible." (Doc. 120, p. 7; Doc. 125, ¶ 8, p. 4) The grievance was returned to Plaintiff as inappropriate because he was grieving institutional and Security Threat Group (STG) placement. Plaintiff did not appeal this grievance through all channels of the Tennessee Department of Correction (TDOC). (Doc. 120, p. 2, 7)

The second grievance, made on August 12, 2013, contained allegations against four of the seven Defendants listed. (Doc. 120, p. 8) The grievance was returned for failure to comply with the TDOC Policy deadlines because it was not filed within the seven day period and was untimely. (Doc. 122, ¶ 16-18, p. 2-3) Plaintiff's second grievance was appealed through the TDOC Commissioner's Office, but it was designated and approved as "inappropriate" all the way up through the chain of command. (Doc. 120, p. 8)

This action was referred to the Magistrate Judge on October 28, 2014 to address any motions or other pretrial matters under Rules 72(a) and (b), Fed. R. Civ. P. (Doc. 40)

Defendants filed a motion for summary judgment on November 13, 2015. (Docs. 117-19) Plaintiff responded to this motion on November 13, 2015. (Docs. 138-39)

## II. ANALYSIS

### A. Exhaustion Under the Prison Litigation Reform Act (PLRA)

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Napier v. Laurel Co.*, 636 F.3d 218, 222 (6th Cir. 2011). The mandatory exhaustion requirement is a strict one. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Napier*, 636 F.3d at 226.

To satisfy the exhaustion requirement "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules" that are defined by the prison grievance process itself. *Jones*, 549 U.S. at 218. This requirement includes any time limitations. *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (citing *Woodford v. Ngo*, 548 U.S. 81, 83 (2006)). There are no futility or other exceptions to the exhaustion requirement under the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The failure of a prisoner "to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the Defendants." *Jones*, 549 U.S. at 204.

### B. Motion for Summary Judgment

In determining whether to grant a motion for summary judgment under Rule 56(a), Fed. R. Civ. P., the court shall grant the motion if "the movant shows there is no genuine issue dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering whether to grant summary judgment the evidence as well as the inferences drawn "must be read in the light most favorable to the party opposing the motion." *Spirit Airlines, Inc. V. Northwest Airlines,*

3

*Inc.*, 431 F.3d 917, 930 (6th Cir. 2005) (citing *Kochina v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

### III. ARGUMENT

Defendants argue that this case should be dismissed because Plaintiff failed to exhaust his administrative remedies as to the two grievances made prior to bringing this action in district court as required by the PLRA. (Docs. 120, p. 4) Defendants rely on the statement of undisputed facts and the Declaration of Leigh Staggs. (Doc. 119, p. 1) Defendants point out that "SCCF follows the TDOC Policy," with which Plaintiff failed to comply. (Doc. 120, p. 6) Plaintiff claims that he did exhaust his administrative remedies because his grievance met TDOC requirements. (Doc. 139, p. 7) TDOC policy requires that an inmate not only provide "specific details such as 'dates, times, and the names of persons involved,' in the occurrence giving rise to the grievance," but also follow procedures such as filing a grievance within the relevant time frame. (Doc. 120, p. 2) Under TDOC policies an inmate must file his grievance within seven days of the incident. (Doc. 122, ¶ 5, p. 1) A grievance is not considered properly exhausted unless it complies with all applicable TDOC policies and has been appealed up through the Commissioner's Office. (Doc. 120, p. 2)

### A. Plaintiff's First Grievance

Plaintiff brings claims against seven SCCF employees for purported deliberate indifference to his safety based on his first grievance in which he sought to be moved away from his assailant. (Docs. 1, p. 1) However, this grievance makes no reference to any of the SCCF employees. (Doc. 120, p. 8) With regard to this grievance, Defendants assert that no hearing was held on the merits because Plaintiff's grievance was deemed inappropriate because it was a request for an institutional placement and STG placement. (Doc. 120, p. 2, 7) In response, Plaintiff argues that because he did

not request an "institutional placement" or "STG placement," Defendants' "arguments are utterly absurd and have no rational basis in fact, regarding Plaintiff Kuot's grievance being inappropriate." (Doc. 139, ¶ 39-40) It is unclear what Plaintiff was seeking if he was not seeking an institutional or STG placement. Regardless, Defendants further explain that after the first grievance was deemed "inappropriate," Plaintiff failed to appeal this grievance though all channels up to the TDOC Deputy Commissioner of Operations as required by the grievance policy. While Plaintiff makes repeated arguments about his desire to appeal (Docs. 137, ¶ 10; 167, ¶ 45) even if this grievance were appealed all the way up to the TDOC Deputy Commissioner of Operations, the grievance is still insufficient. Because Plaintiff did not make references to any of the SCCF employees, did not appeal through all required channels, and did not follow the other required administrative procedures, Plaintiff failed to exhaust as to the first grievance. (Doc. 120, p. 7)

### B. Plaintiff's Second Grievance

With regard to the second grievance, Defendants point out that Plaintiff's grievance was returned as untimely for not submitting his grievance within seven days of the incident as required by TDOC Policies. (Doc. 120, p. 3) Plaintiff asserts that he complied reasonably with the grievance procedure while recovering from the attack, but he provides no evidence as to why he could not have submitted his grievance within the required time period. (Doc. 139, ¶ 34, 50; Doc. 122, ¶ 17-18) Plaintiff did not grieve any medical care issues related to the incident and only explains that he had a headache for three days after the attack. (Docs. 125, ¶ 18; 122, p. 13) Nevertheless, he failed to file a grievance during the four remaining days of the seven day time period. (Doc. 122, p. 13) Even if the Court would allow the three day tolling, the grievance was not filed until August 12, 2013 thirty-six days later. (Doc. 122, ¶ 16) While Plaintiff appealed this grievance through to the

5

Commissioner's office, a hearing was never conducted upon the merits and its designation as inappropriate was approved. (Doc. 120, p. 8) Accordingly, by not following the available TDOC procedure and filing within the appropriate seven day time period, Plaintiff failed to exhaust his administrative remedies with regards to the second grievance. (Doc. 122, p. 8)

## C. Additional Argument Made by Plaintiff

The Magistrate Judge liberally construes that Plaintiff asserts that he was not required to file a grievance against the actions of the named Defendants under 42 U.S.C. § 1997e(a) in order to exhaust his administrative remedies because employees are private contractors. (Doc. 139, ¶ 21-22, 32-33, p. 6-7) However, 42 U.S.C. § 1997e(a) requires inmates confined in "any jail, prison, or other correctional facility" exhaust available administrative remedies prior to an action bring brought under 42 U.S.C. § 1983. *Jones v. Bock*, 549 U.S. 199, 211 (2007).

## III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that: 1) Defendants' motion for summary judgment (Doc. 119) be **GRANTED**; 2) this action be **DISMISSED** without prejudice for failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a); 3) acceptance and adoption of this R&R constitute the **FINAL JUDGMENT** in this action; and 4) any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and 5) all other pending motions (Docs. 140, 146, 150, 152, 154, 156, 158, 160, 161, 164, 165, 166, 174, 176, 177, 181, 184, 185, 188) be **TERMINATED AS MOOT**.

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of

any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 18th day of February, 2016.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge